**In re Tracy RIDGWAY, Debtor.**

**Tracy Ridgway, Plaintiff,**

v.

**United States of America, Defendant.**

**Bankruptcy No. 02–30358.**
**Adversary No. 02–3092.**

United States Bankruptcy Court,
D. Connecticut.

May 5, 2005.

66

Brian E. Kaligian, Lead Attorney, Dey, Smith and Collier, Milford, CT, for Debtor.

## BRIEF MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO REVISE

ALBERT S. DABROWSKI, Chief Judge.

On April 27, 2005, the above-captioned *Motion to Revise Order Denying Summary Judgment* (hereafter, the "Motion to Revise") came on for hearing. The Motion to Revise seeks relief from this Court's

*Memorandum of Decision on Motion for Summary Judgment* (Doc. I.D. No. 19) (hereafter, "Memorandum of Decision") and *Order Denying Summary Judgment* (Doc. I.D. No. 20) (hereafter, "Summary Judgment Order"). Specifically, the Defendant seeks to have the Memorandum of Decision and/or Summary Judgment Order "revised", and summary judgment entered in its favor, after the Court (i) provides relief from the effect of "inaccurate nomenclature" used in the Defendant's previous briefing before this Court, and then (ii) entertains a legal argument not previously presented to the Court.

This Court determines the Motion to Revise on the assumption, but without deciding, that Fed.R.Civ.P. 54(b) (made applicable to this proceeding by Fed. R. Bank. P. 7054) provides adequate authority for this Court to entertain a motion to revise an *interlocutory* order such as the Summary Judgment Order.[1]

The Court first considers the propriety of the effect given by it to the Defendant's use, within its *Memorandum in Support of Summary Judgment,* of the term "files" to describe the action of the Treasury Secretary under 26 U.S.C. (hereafter, "IRC") § 6020(b) (hereafter, the "Filing Statement"). The Defendant claims that this Court should not have deemed the Filing Statement to be an admission because, it alleges, the Filing Statement was (i) an "inadvertent misstatement of law"; (ii) "inconsistent with the stipulated facts"; and (iii) constituted an "inaccurate description of the process".

 This Court has broad discretion to treat statements of counsel in a representative capacity as client admissions. "A court can appropriately treat statements in briefs as binding judicial admissions of fact." *Purgess v. Sharrock,* 33 F.3d 134,

144 (2d Cir.1994) (citations omitted). The discretion implied by *Purgess* is consistent with the general law in this area. *See, e.g.,* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2723, at 389–391 (1998). The Defendant, however, relies upon *Hub Floral Corp. v. Royal Brass Corp.,* 454 F.2d 1226, 1227 (2d Cir. 1972), a Second Circuit case which substantially predates *Purgess.* The Court need not grapple with the question of whether the specific holding of *Hub Floral* has been superceded by the general authority of *Purgess,* since the two opinions can be harmonized if *Hub Floral* is, appropriately, limited to its unique facts. In *Hub Floral,* the subject *mis*-statement of counsel was found by the Second Circuit panel to have been *"inadvertent",* and was "corrected" prior to the resolution of the subject motion by the affidavit of an individual with personal knowledge of the true facts. On that basis the panel concluded that the court below improperly deemed the statement to be a judicial admission. At most, *Hub Floral* recognizes a possible exception to the general rule that counsel statements should be treated as judicial admissions. Such an exception may be found where the affected party has (i) "corrected" its alleged mis-statement *prior to the court ruling on the subject matter,* and (ii) demonstrated that the statement was inadvertent, *i.e.* unintentional. In the instant proceeding, the Defendant has done neither.

Even if the Filing Statement were "corrected" prior to the entry of the Summary Judgment Order, the Defendant could not prevail since it has failed to convince this Court that the Filing Statement was an *inadvertent* representation. On the present record there is no doubt in the Court's mind that the Filing Statement was an intentional statement which was consistent

---

**1.** Rule 54(b) does not address the revision of a memorandum of decision.

with the understanding of the parties, who had agreed to limit their dispute to a *legal* issue which they deemed dispositive. Simply put, with the benefit of hindsight the Defendant is now seeking to walk away from a position which it knowingly and intentionally endorsed until the time of this Court's Summary Judgment Order. Up until the entry of that Order the Defendant fully endorsed (for purposes of the present litigation) the congruence of the terms, "make", "file", and "prepare" to describe the action of the Treasury Secretary under IRC 6020(b). The parties intended to narrow the bounds of the their dispute to the question of whether the Treasury Secretary's return under IRC 6020(b) was a sufficient "return" under Bankruptcy Code 523(a)(1). That the Treasury Secretary "filed" such substitute returns was a fact plainly assumed and accepted by both parties.[2] The Filing Statement was a conscious choice of words consistent with the understanding of the parties, not an inadvertent slip of the keyboard. As such it appropriately forms the basis for the Court's deeming of a judicial admission.

■ Notwithstanding the foregoing, it is not even necessary for this Court to deem the Filing Statement a judicial admission in order to find, for purposes of summary judgment, that the *filing* of returns by the Treasury Secretary under IRC 6020(b) was a fact not in genuine issue. As pointed out by the Defendant, the parties' Stipulation does not use the salient term, "filed". Neither, however, does it utilize the term of art of IRC 6020(b)—"made"—to refer to the action of the Secretary under that Section. Instead, it opts for a third term—"pre-

pared". "Prepared" is not a term which appears in Bankruptcy Code Section 523(a)(1) or IRC 6020(b).[3] In the present context then, the term "prepared" is ambiguous. Equity would suggest that ambiguities in the language of an agreement be construed against the drafting party. Here, the Defendant's counsel admits to being the draftsman of the Stipulation. In addition, the Court can legitimately infer the intended meaning of an ambiguous term from, *inter alia*, statements in the brief of the parties. And this Court has utilized the Filing Statement in precisely that manner, *i.e.* as an interpretive aid to determine if the issue of the Treasury Secretary's "filing" was in genuine issue.

Given this Court's declination to relieve the Defendant of the effect of its Filing Statement, it is not necessary for the Court to consider the merits of the Defendant's substantive arguments respecting a distinction between return "making" and "filing".

Accordingly,

**IT IS HEREBY ORDERED** that the Defendant's *Motion to Revise Order Denying Summary Judgment* (Doc. I.D. No. 23) is **DENIED.**

---

2. The Debtor's consistent written representations concerning the Treasury Secretary's "filing" were never objected to by the Defendant.

3. It is, however, used in IRC 6020(a), which is not implicated in this adversary proceeding.